# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CARLTON SPEER, MALENA DENNIS, and ZACHARIAH DUNCAN, on their own behalf and on behalf of all others similarly situated, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| V. ) ) | No.: |
| UCOR LLC, ) ) | JURY DEMANDED |
| Defendant. ) ) ) | |

## VERIFIED CLASS ACTION COMPLAINT

Come now the Plaintiffs, Carlton Speer, Malena Dennis, and Zachariah Duncan, on behalf of themselves and those similarly situated, and for their Complaint against Defendant UCOR LLC, state the following:

## SUMMARY OF THE CASE

1. This is a class action lawsuit brought against UCOR LLC ("UCOR" or "Defendant") to remedy the illegal discrimination to which its employees who have requested religious accommodations from its COVID-19 vaccine mandate have had to endure.

2. UCOR has decided that unvaccinated employees—even those who UCOR admits have sincerely held religious objections to the vaccine—will be terminated from their employment despite UCOR's offering the exact accommodations to other to protected groups as Plaintiffs requested here.

1

3. UCOR's discriminatory actions have left Plaintiffs and those similarly situated with the formidable task of choosing between their faith and their jobs. In so doing, UCOR has violated Title VII by discriminating against Plaintiffs based on their religious beliefs and failing to provide reasonable accommodations to Plaintiffs' sincerely held religious beliefs.

**PARTIES, JURISDICTION, AND VENUE**

4. Plaintiff Carlton Speer is an adult citizen and resident of Knox County, Tennessee.

5. Plaintiff Malena Dennis is an adult citizen and resident of Knox County, Tennessee.

6. Plaintiff Zachariah Duncan is an adult citizen and resident of Roane County, Tennessee.

7. Defendant UCOR is a Tennessee limited liability company but lists its principal office as 20501 Seneca Meadows Parkway, Suite 3000, Germantown, Maryland 20876-7016. UCOR can be served with process via its registered agent, CT Corporation System, at the following address: 300 Montvue Road, Knoxville, Tennessee 37919.

8. UCOR is a contractor for the United States Department of Energy ("DOE") and provides environmental cleanup services at the East Tennessee Technology Park, the Oak Ridge National Laboratory, and the Y-12 National Security Complex.

9. UCOR contracts with many subcontractors, including, *inter alia*, Pinnacle Specialty Group, Inc., that provide project and contract management for professional, technical, engineering and support services.

10. Employees of subcontractors such as Pinnacle Specialty Group, Inc., while under contract with UCOR, effectively are employed by UCOR because UCOR controls the manner and method of their work, has the ability to fire and discipline them, promulgates work rules and conditions of their employment (such as a vaccine mandate), and supervises their day-to-day

2

work. UCOR is a joint employer with respect to subcontracted employees over whom UCOR controls the terms and conditions of those employees' employment.

11. This case arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 2000e-5(f).

13. Venue is proper pursuant to, *inter alia*, 42 U.S.C. § 2000e-5(f).

## **FACTUAL BASIS**[1]

### A. **COVID-19 and UCOR's Response**

14. With the onset of the COVID-19 pandemic in the spring of 2020, UCOR began implementing various mitigation procedures for its employees and subcontractors, including requiring many employees to work from home. Other safeguards it established included mandated mask wearing, social distancing, frequent COVID-19 testing, and COVID-19 antibody testing. Necessarily, UCOR created and implemented the infrastructure to support and fulfil such measures, including the software foundation required for employees to work from home and the personnel and technology infrastructure required to frequently test employees for COVID-19 and/or antibodies, and to enforce a company-wide on-site mask mandate.

15. Within the United States, three vaccines have been created to combat COVID-19. The Food and Drug Administration ("FDA") issued an Emergency Use Authorization ("EUA") for

---

[1] As evidenced by each Plaintiff's declaration attached to and incorporated into this Complaint as **Exhibit 1**, Plaintiffs affirm under penalty of perjury that the facts herein are true and correct to the best of their knowledge.

the Pfizer BioNTech vaccine on December 1, 2020, and another for the Moderna vaccine on December 18, 2020. In February 2021, the FDA issued an EUA for the Johnson & Johnson vaccine.

### B. UCOR's Vaccine Mandate and Plaintiffs' Requests for Accommodations

16. On August 26, 2021, UCOR's President and CEO Ken Rueter announced that it would be requiring all of UCOR's nearly 2,000 employees and subcontracted employees, as a term and condition of employment, to be fully vaccinated against COVID-19. Absent an exemption for medical/disability or religious reasons, any employee who refuses the vaccine will be terminated.

17. UCOR announced it would consider requests for medical and/or religious exemptions on a case-by-case basis and at its discretion.

18. Defendant established November 1, 2021, as the deadline for all employees to prove to UCOR that they have obtained their final dose of the vaccine.

19. Each named Plaintiff – Malena Dennis, Carlton Speer, and Zachariah Duncan – submitted requests for a religious accommodation through UCOR's designated COVID-19 vaccine exemption system.

20. In each of his and her accommodation requests, Plaintiffs explained their belief that the COVID-19 vaccines—as well as all other vaccines—were developed (either directly or through testing) using fetal cell lines derived from aborted fetal tissue and that it would be sinful to interject such products into their bodies. They believe a Christian's body and its surrender to God is a form of spiritual worship. (*See, e.g.*, Romans 12:1). Indeed, Plaintiffs consistently elect not to receive cell-based vaccines due to these beliefs and have done so throughout their adult lives.

4

21. Each Plaintiff requested an accommodation to include, *inter alia*, the ability to work from home, or alternatively, he or she would agree to abide by increased safety protocols such as mask wearing and/or face shields, social distancing, frequent COVID-19 testing, and COVID-19 antibody testing.

22. Plaintiffs spoke to and became aware of other employees who share similar deeply held religious beliefs and who, like them, requested accommodations that would substantially reduce any and all risk of transmitting COVID-19 to their coworkers.

23. UCOR evaluated and concluded that each Plaintiff – and upon information and belief, each of their coworkers who requested religious exemptions – were indeed sincere in their deeply held religious beliefs regarding the vaccine.

24. Contemporaneously, UCOR was considering multiple employees' requests for disability-related reasonable accommodations. Specifically, employees with disabilities requested, like Plaintiffs here, that they be exempted from Defendant's vaccine mandate due to their medical condition. Many of those employees also proposed as a reasonable accommodation that Defendant allow them to work remotely or under increased safety protocols such as masking and frequent testing.

25. With respect to the employees seeking disability-related accommodations, UCOR determined those accommodations to be reasonable.

26. However, as to each employee who requested accommodation on religious grounds, UCOR denied the accommodation.

27. Upon information and belief, as it pertains to employees requesting an exemption to Defendant's new policy because of their sincerely held religious beliefs, UCOR rejected each and every employee's request. This is true despite UCOR's acknowledgment of the sincerity of each person's deeply held belief.

5

28. Defendant's proffered justification was that accommodating these employees' sincerely held religious beliefs would cause an undue hardship – despite that it approved identical accommodations to employees whose request was based on a disability, and despite the fact that employees had worked under these conditions (e.g., remotely, heightened safety protocols, etc.) for several months prior to and after the vaccines were developed.

29. As a result, Plaintiffs and each coworker who shares a religious-based opposition to the vaccine are facing the daunting and unacceptable choice of having to sacrifice their religious beliefs or lose the ability to provide for their families.

30. Even now, Plaintiffs have been removed from their positions without pay.

31. Being terminated from their employment will significantly impact – personally and professionally – Plaintiffs and their similarly situated coworkers.

## **CLASS ALLEGATIONS**

32. Plaintiffs reincorporate into this section the above averments.

33. Plaintiffs bring their claims as a class action under Federal Rules of Civil Procedure 23(a) and (b).

34. Through this action, Plaintiffs seek to represent a class of all UCOR employees and subcontracted employees who have requested accommodations, including an exemption from Defendant's new vaccine mandate, based on their sincerely held religious beliefs and with respect to whom Defendant is actively violating their legal rights by denying such accommodations.

35. By issuing a uniform denial of all religious-based accommodation requests, UCOR's legal violations extend to the entire class.

6

Case 3:21-cv-00368-CEA-JEM Document 1 Filed 10/28/21 Page 6 of 11 PageID #: 6

36. Joinder of all members of the class would be impractical due to the numerosity of the class. At this time, the exact class size is unknown to Plaintiffs; however, it is expected to exceed fifty (50) employees.

37. Common questions of law and fact apply to all members of the class. Such questions include, *inter alia*:

   a. Did UCOR comply with Title VII's requirement that it consider each member's accommodation request?

   b. Did UCOR comply with Title VII's requirement that it provide reasonable accommodations to those employees with sincerely held religious beliefs?

   c. Were the accommodations requested by the class members reasonable, especially in light of the fact that UCOR granted identical accommodations to numerous other employees when their requests were not religious-based?

38. Plaintiffs' claims are typical of, if not identical to, the claims of the class because they, like the class members, (1) requested accommodations based on their sincerely held religious beliefs, (2) UCOR determined their beliefs to be sincerely held, (3) UCOR denied those requests despite allowing the same accommodations for another group of employees, and (4) refused to consider on a case-by-case basis whether such request could be accommodated.

39. For those reasons, Plaintiffs will fairly and effectively protect the interest of the entire class.

40. The questions of law and fact which are common to the members of the class predominate over any questions affecting only individual members, and a class action is the most suitable method to efficiently adjudicate Plaintiffs' claims. Joinder of all members of the class is impracticable and judicially inefficient.

## CAUSES OF ACTION

**Count 1: Title VII of the Civil Rights Act of 1964 – Religious Discrimination**

41. Plaintiffs incorporate by reference paragraphs 1 through 40 above.

42. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), makes it unlawful for an employer to discharge or otherwise discriminate against an employee on the basis of religion.

43. Here, Plaintiffs held sincere religious beliefs which caused their respective objections to receiving the vaccine. UCOR has conceded this fact.

44. Plaintiffs were otherwise qualified for their respective positions, as evidenced by their years of employment within their roles.

45. UCOR was aware of Plaintiffs' sincerely held religious beliefs and their corresponding objection to the COVID-19 vaccine mandate.

46. Plaintiffs were and continue to be subject to adverse employment actions as Defendant is progressively disciplining Plaintiffs for refusing to be vaccinated, and if Plaintiffs are not vaccinated by November 1, 2021, Plaintiffs will be immediately terminated.

47. All other employees – i.e., those who do not have similar religious beliefs as Plaintiffs – have been and are being treated much more favorably than Plaintiffs. Indeed, UCOR has granted an entire group of employees the precise accommodations Plaintiffs have requested.

48. UCOR has and continues to willfully discriminate against Plaintiffs because of their religious beliefs, which is a blatant violation of Title VII.

**Count 2: Title VII of the Civil Rights Act of 1964 – Failure to Accommodate**

49. Title VII also imposes a duty upon employers to reasonably accommodate the sincerely held religious beliefs of its employees. 42 U.S.C. § 2000e(j).

50. As set forth above, Plaintiffs hold sincere religious beliefs that preclude them from receiving a COVID-19 vaccine.

51. Plaintiffs informed UCOR of those beliefs and requested religious accommodations from the vaccine mandate. In response to these requests, UCOR accepted that Plaintiffs' religious beliefs and objections to being vaccinated were sincerely held.

52. UCOR has informed Plaintiffs that it will not accommodate their religious objections and has instead subjected Plaintiffs to progressive discipline with an imminent termination date of November 1, 2021. Only if they surrender their religious beliefs will Defendant change course on firing them.

53. UCOR's action has been to issue a blanket, across-the-board, unappealable rejection of each religious-based exemption request.

## DAMAGES

54. Plaintiffs, as a result of Defendant's unlawful discrimination, face an imminent threat of irreparable injury, including potentially receiving a COVID-19 vaccine in violation of their religious beliefs because of the looming threat of loss of income and employment, potential eviction and/or homelessness, the loss of employer-based health insurance, the potential inability to pay for life-saving medical treatments, and severe emotional distress such as anxiety and sleeplessness.

55. Furthermore, as a direct and proximate result of Defendant's unlawful and willfully discriminatory behavior, Plaintiffs, and the similarly-situated class members have and will continue to suffer humiliation, embarrassment, emotional distress, lost wages and benefits, loss of earning capacity, loss of future income, and other benefits and privileges of employment. Plaintiffs do not wish to skirt the administrative remedies available through the EEOC and seek

only that this Court find that the damages described in this paragraph were inflicted upon Plaintiffs following exhaustion of the EEOC process.

### ENTITLEMENT TO IMMEDIATE INJUNCTIVE RELIEF

56. Plaintiffs have or immediately will file formal charges of discrimination with the Equal Employment Opportunities Commission ("EEOC") regarding Defendant's illegal actions. However, this Court may exercise its equity jurisdiction to grant preliminary injunctive relief in order to preserve the status quo pending completion of the EEOC's administrative process. See Drew v. Liberty Mut. Ins. Co., 480 F.2d 69, 74 (5th Cir. 1973); Sheehan v. Purolator Courier Corp., 676 F.2d 877, 884 (2d Cir. 1981); Bailey v. Delta Air Lines, 722 F.2d 942, 944 (1st Cir. 1983).

57. As further support, the Tennessee General Assembly is acting in a special legislative session to address mandated vaccines. The special session will likely result in some manner of prohibitions against private employers requiring COVID-19 vaccines even for employees without religious objections, or at the very least, may alter the manner and method by which UCOR may proceed. (Yue Stella Yu, *Tennessee Lawmakers Officially Call Special Session on COVID-19 Restrictions*, Tennessean, Oct. 19, 2021). By then, however, Defendant will have already fired Plaintiffs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

58. That the Court certify this action as a class action under Federal Rules of Civil Procedure 23(a) and (b).

59. A judgment that Defendant violated Title VII of the Civil Rights Act of 1964 by illegally discriminating against Plaintiffs and those similarly situated based on their religion, and that such violation was willful and/or reckless;

60. A temporary restraining order and/or preliminary injunction be issued, followed by a permanent injunction, enjoining UCOR from terminating Plaintiffs and those similarly situated because of those employees' sincerely held religious objections;

61. A jury be empaneled to serve as the trier of fact;

62. An award of all damages entitled to Plaintiffs and those similarly situated, including back pay, reinstatement or front pay, pre-judgment and post-judgment interest, punitive damages, and compensatory damages;

63. An award of reasonable attorneys' fees and costs; and

64. An award of all such other and further legal and equitable relief to which Plaintiffs and those similarly situated may be entitled under the facts of this case.

RESPECTFULLY SUBMITTED,

_s/ Jesse D. Nelson_
JESSE D. NELSON (BPR # 025602)
NELSON LAW GROUP, PLLC
10263 Kingston Pike
Knoxville, TN 37922
(865) 383-1053
jesse@nlgattorneys.com

*Attorneys for Plaintiffs and Class*